UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>                Plaintiff,<br><br>        v.<br><br>HARJIT SINGH, et al.,<br><br>                Defendants. | No. 2:17-cv-00368-TLN-KJN<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 19) |

INTRODUCTION

Presently before the court is plaintiff Scott Johnson's motion for default judgment against defendants Harjit Singh, Jasjit K. Singh, and Heli Villasenor. (ECF No. 19.) After defendants failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 20.)

For the reasons discussed below, the court recommends that plaintiff's motion for default judgment be GRANTED IN PART on the terms outlined below.

BACKGROUND

Plaintiff initiated this action on February 20, 2017, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq. (See generally Complaint, ECF No. 1 ["Compl."].) Plaintiff, a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments,

and uses a wheelchair and a specially-equipped van, alleges that defendants owned or operated a business establishment and place of public accommodation known as Smog Tech, which is located at 430 N. Airport Way, Stockton, California.  (Compl. ¶¶ 1-13.)  According to plaintiff, he patronized Smog Tech three times in 2015 and 2016, and encountered the following architectural barriers to access at the establishment in violation of the ADA and the ADA Accessibility Guidelines:  no van accessible handicap parking, no accessible entrance door hardware, and no accessible transaction counter.  (Id. ¶¶ 18, 20-34)  Plaintiff alleges that he frequently visits the Stockton area, and that he was deterred from patronizing Smog Tech on additional occasions because of his knowledge of the above-mentioned barriers.  (Id. ¶¶ 36, 57.)  Plaintiff further alleges that defendants had the means and ability to remove the barriers.  (Id. ¶ 46.)

On February 24, 2017, plaintiff served process on defendant Heli Villasenor.  (ECF No. 4.)  On September 27, 2017, after obtaining a court order from the assigned district judge (ECF No. 8), plaintiff served defendants Harjit Singh and Jasjit Singh by publication.  (ECF No. 9.)  Plaintiff requested that the Clerk of Court enter default against defendants, and the Clerk entered default as to Heli Villasenor on April 25, 2017, and entered default against Harjit Singh and Jasjit Singh on August 12, 2019.  (ECF Nos. 6, 17.)  The instant motion for default judgment followed.  (ECF No. 19.)

Plaintiff's motion for default judgment seeks injunctive relief for removal of unlawful architectural barriers pursuant to the ADA; statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act.

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

(9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

DISCUSSION

Appropriateness of the Entry of Default Judgment Under the Eitel Factors

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially

3

face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

    2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

  The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

    a. ADA

  Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc.,

433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

Here, plaintiff's complaint alleges that: (1) he is disabled (see Compl. ¶ 1); (2) defendants own, lease, and/or operate Smog Tech, which is a place of public accommodation (id. ¶¶ 2-13); (3) plaintiff was denied full and equal access to Smog Tech's facilities, privileges, and accommodations because of plaintiff's disability (id. ¶¶ 18-35, 57); (4) Smog Tech contains specified architectural barriers—no van accessible handicap parking, no accessible entrance door hardware, and no accessible transaction counter—in violation of the ADA (id. ¶¶ 49-56); and (5) defendants had the means and ability to remove such barriers (id. ¶ 46). Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state a *prima facie* Title III discrimination claim.

        b.      Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As expressly provided by statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009). Here, because plaintiff's complaint properly alleges a *prima facie* claim under the ADA, plaintiff has also properly alleged facts supporting a claim under the Unruh Civil Rights Act.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

        3.      *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks injunctive relief; statutory damages under the Unruh Civil Rights Act totaling $8,000.00; and attorneys' fees and costs in the amount of $5,657.72. Although the court

more closely scrutinizes the requested statutory damages, attorneys' fees, and costs below, the court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

4.      *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  As such, the court concludes that the fifth Eitel factor favors a default judgment.

5.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is simply no indication in the record that defendants' default was due to excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

6.      *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants, and recommends that such a default

judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

### Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered.

Because plaintiff sufficiently alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below, to remedy the architectural barriers at issue.

Plaintiff also requests statutory damages in the amount of $8,000.00: $4,000.00 from Harjit and Jasjit Singh jointly and severally, and $4,000.00 from Heli Villasenor. Plaintiff reasons that he is entitled to two statutorily-authorized $4,000.00 awards because "a civil penalty can be assessed against each law-breaking defendant." (ECF No. 19-1 at 8.) However, plaintiff puts forth no case involving an owner and an operator each being assessed $4,000.00 in statutory damages. On the contrary, courts generally award only a single $4,000.00 statutory penalty where multiple defendants who own or operate a business are held liable for an ADA violation. See, e.g., Love v. Kim, 2019 WL 8167926, at *1 (C.D. Cal. Oct. 18, 2019) (declining to award the requested $8,000.00 and instead awarding plaintiff "$4,000 in statutory damages under the Unruh Act, assessed jointly and severally, against the two defendants"); Johnson v. Express Auto Clinic, Inc., 2019 WL 2996431, *8 (N.D. Cal. 2019) (entering judgment of "$4,000 in statutory damages" in case where multiple defendants operated a non-compliant gas station); Johnson v. Ramirez Ltd. P'ship, 2019 WL 2315290, *8 (E.D. Cal. 2019) ("award[ing] a total of $4,000 in statutory damages, as authorized by the Unruh Civil Rights Act, Cal. Civ. Code § 52(a), jointly and severally against the defendants" where defendants owned non-compliant café). Accordingly, the court recommends that plaintiff only be awarded statutory damages of $4,000.00 against all defendants jointly and severally.

Finally, plaintiff requests attorneys' fees and costs. The statutes at issue specifically contemplate the award of attorneys' fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Thus, the only issue is whether the requested amount of attorneys' fees and costs ($5,657.72) is reasonable.

Plaintiff requests $813.72 in filing fees, service costs, and investigator costs, which are reasonable and should be awarded. (ECF No. 19-3 at 9.)

Plaintiff seeks attorneys' fees based on 2.1 hours of work for Phyl Grace at an hourly rate of $550.00; 1.1 hours of work for Mark Potter at a rate of $595.00 ; and 5.1 hours of work for Russell Handy at a rate of $595.00. (ECF No. 19-3 at 9-11.) In total, plaintiff is requesting $4,844.00 in attorneys' fees. (Id.)

Although the number of hours spent on the case appear reasonable, the court finds the attorneys' hourly rates of $550.00 and $595.00 to be excessive in light of prevailing market rates in the Sacramento Division of the Eastern District of California. Notably, another judge in this district recently determined that an hourly rate of $300.00 and $250.00 was appropriate for plaintiff's counsel in a routine disability access case. See Johnson v. Patel, 2020 WL 550194, at *4 (E.D. Cal. Feb. 4, 2020); accord Johnson v. Hey Now Properties, LLC, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019). The court finds Patel to be persuasive, because it is a recent, comparable case from this district and involved a careful consideration of prevailing market rates for routine disability access cases in the Sacramento Division of the Eastern District of California. By contrast, plaintiff's reliance on fee awards in the Central and Southern Districts of California, as well as certain California state courts, is misplaced, because those fee awards are not instructive with respect to prevailing market rates in this federal district.[1] Having considered the affidavits provided by plaintiff, the nature of this case and the legal work that was done, and the prevailing rate in this district, the court concludes that hourly rates of $300.00 and $250.00 are appropriate, resulting in a fee award of $2,385.00.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 19) be GRANTED IN PART.

2. Judgment be entered in plaintiff's favor and against defendants.

3. Plaintiff be awarded statutory damages in the amount of $4,000.00 against all

---

[1] Plaintiff states that "this very court . . . awarded the plaintiff's requested hourly rates" and subsequently cites to a case from Central District of California. (ECF No. 19-1 at 19.)

defendants jointly and severally.

    4.    Plaintiff be awarded attorneys' fees and costs in the amount of $3,198.72 against all defendants jointly and severally.

    5.    Plaintiff be granted an injunction requiring defendants to provide readily achievable property alterations in the form of van accessible handicap parking, accessible entrance door hardware, and an accessible transaction counter at the business establishment named Smog Tech, located at 430 N. Airport Way, Stockton, California in compliance with the ADA and the ADA Accessibility Guidelines.

    6.    The Clerk of Court be directed to vacate all dates and close this case.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve a copy of this order and findings and recommendations on defendants by U.S. mail at their last-known address(es).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  May 27, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/368.singh